# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In re:<br><br>Robert Dean Strickland and<br>Karen Alexa Strickland,<br>　　　　　Debtors. | Case No. 16-05212-hb<br>Chapter 7 |

### NOTICE OF HEARING ON MOTION OF THE UNITED STATES TRUSTEE TO DISMISS THE DEBTORS' CASE PURSUANT TO 11 U.S.C. § 707(b)

　　　　PLEASE TAKE NOTICE THAT the United States Trustee has filed a motion requesting that the Court enter an order dismissing the above referenced case pursuant to 11 U.S.C. §707(b).

　　　　A copy of the motion accompanies this notice.

　　　　PLEASE TAKE FURTHER NOTICE that **any response, return, and/or objection to this motion should be filed with the Court no later than 21 days from service of motion** and a copy simultaneously served on all parties in interest.

　　　　TAKE FURTHER NOTICE that the Court will conduct a hearing on **February 1, 2017 at 9:30 a.m. at the Donald Stuart Russell Federal Courthouse at 201 Magnolia Street, Spartanburg, South Carolina 29306**.  No further notice of this hearing will be given.

　　　　　　　　　　　　　　　　　　　　　　　JUDY A. ROBBINS
　　　　　　　　　　　　　　　　　　　　　　　United States Trustee, Region 4

　　　　　　　　　　　　　　　　　　　　　　　By: /s/ Linda K. Barr
　　　　　　　　　　　　　　　　　　　　　　　Linda K. Barr
　　　　　　　　　　　　　　　　　　　　　　　Trial Attorney, Id. No. 6284
　　　　　　　　　　　　　　　　　　　　　　　Office of the United States Trustee
　　　　　　　　　　　　　　　　　　　　　　　1835 Assembly St., Suite 953
　　　　　　　　　　　　　　　　　　　　　　　Columbia, South Carolina 29201
　　　　　　　　　　　　　　　　　　　　　　　(803) 765-5219
　　　　　　　　　　　　　　　　　　　　　　　(803) 765-5260 (facsimile)
Date: 12-30-2016　　　　　　　　　　　　　　linda.k.barr @usdoj.gov

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| In re:<br><br>Robert Dean Strickland and<br>Karen Alexa Strickland,<br>　　　　　　Debtors. | Case No. 16-05212-hb<br>Chapter 7 |

**MOTION AND MEMORANDUM OF UNITED STATES TRUSTEE TO DISMISS CASE PURSUANT TO 11 U.S.C. § 707(b)(1-2) BASED ON THE PRESUMPTION OF ABUSE AND 11 U.S.C. § 707(b)(3)**

The United States Trustee ("UST") respectfully moves this Court for an order dismissing this case pursuant to 11 U.S.C. § 707(b)(1), based upon the presumption under 11 U.S.C. § 707(b)(2), and based on totality of the circumstances under 11 U.S.C. § 707(b)(3).

## JURISDICTION

The Court has jurisdiction of this case and proceeding pursuant to 28 U.S.C. §§ 1334(a, b), and 157(a). This matter is a core proceeding under 28 U.S.C. § 157(b)(2). The UST files this motion pursuant to the authority granted to her by 28 U.S.C. § 586 and 11 U.S.C. § 307.[1]

Under § 704(b), the deadline for filing a motion to dismiss under § 707(b)(2) is 30 days after the filing of a statement of presumption by the UST. The UST filed a statement that the presumption of abuse arises on December 1, 2016. Under Federal Rule of Bankruptcy Procedure 1017(e)(1), the deadline for the filing of a motion under § 707(b)(3) in this case is January 20, 2017. This motion has been timely filed.

---

[1] Further reference to Title 11 U.S.C. § 101, *et seq.*, will be by section number only.

2

**CASE STATEMENT**

The debtors filed a voluntary petition for relief pursuant to chapter 7 on October 17, 2016, initiating the present bankruptcy case. The debtors are married and list one dependent, age 11.

The debtors filed schedules and statements in their case under penalty of perjury on October 17, 2016. The chapter 7 means test filed by the debtors incorrectly reflects that the presumption of abuse does not arise in this case. However, the documentation provided to support some additional expenses included a student loan payment. With this correction, the presumption of abuse arises.[1]

Schedule I reflects the debtors are both employed with Salvation Oaks Recovery Community, Inc. with Mr. Strickland receiving $6,229 and Mrs. Strickland receiving $1,733. Mrs. Strickland also works a second job making $372 per month. Thus, schedule I shows the debtors make an annual income of $100,008. The means test reflected that the debtors have an annual income of $100,224.

Schedule J reflects a net monthly income of negative $840. Schedule J shows monthly expenses of $400 for electricity, $100 for water and garbage collection, $220 for cell phones and other telephone services, $470 for childcare and children's education costs, $350 for clothing and laundry, $365 for medical and dental expenses, $500 for transportation, $446 for entertainment, $848 in charitable contributions, and $650 for support of others that don't live with you.

Schedule F reflects that the debtors have total unsecured debts of $58,696.

---

[1] It appears some of the other additional expenses claimed on the means test may have errors.

The UST plans to take the depositions of the debtors and subpoena relevant documents from them related to this motion. The testimony and documents produced may give rise to other relevant facts or issues.

### DISMISSAL BASED ON THE PRESUMPTION OF ABUSE UNDER § 707(b)(2)

Section 707(b)(1) provides that, after notice and a hearing, the Court may dismiss a case filed by an individual whose debts are primarily consumer debts if it finds that granting relief would be an abuse of the provisions of chapter 7. Section 707(b)(2) provides, in pertinent part

> (A)(I) In considering under paragraph (1) whether the granting of relief would be an abuse of the provisions of this chapter, the court shall presume abuse exists if the debtor's current monthly income reduced by the amounts determined under clauses (ii), (iii), and (iv), and multiplied by 60 is not less than the lessor of -
>
> (I) 25 percent of the debtor's nonpriority unsecured claims in the case, or $7,475, whichever is greater; or
> (II) $12,475.

The debtors' case is comprised primarily of consumer debts, therefore, the presumption of abuse applies in this case. Unless the debtors can rebut the presumption by demonstrating special circumstances that justify additional expenses or adjustments to their current monthly income for which there is no reasonable alternative, the debtors' case must be dismissed. § 707(b)(2)(B). Here, the debtors have not asserted any special circumstance.

### DISMISSAL BASED ON TOTALITY OF CIRCUMSTANCES
### AND GOOD FAITH UNDER § 707(b)(3)

Section 707(b)(3) provides, in pertinent part:

> (3) In considering under paragraph (1) whether the granting of relief would be an abuse of the provisions of this chapter in a case in which the presumption in subparagraph (A)( i) of such paragraph does not arise or is rebutted, the court shall
>  consider–

4

(A) whether the debtor filed the petition in bad faith; or
(B) the totality of the circumstances (including whether the debtor seeks to reject a personal services contract and the financial need for such rejection as sought by the debtor) of the debtor's financial situation demonstrates abuse.

The debtors have sufficient income from which they should be able to repay a significant amount of the debts owed. The debtors have an annual income in excess of $100,000, substantially more than the median family income for a household of three in South Carolina, which is $57,363. The debtors have an ability to repay their creditors.[2]

Wherefore, the UST prays that after proper notice and a hearing, the Court enter an order dismissing this case pursuant to § 707(b) and granting such other and further relief as the Court deems just and equitable.

                        Respectfully submitted,

                        JUDY A. ROBBINS,
                        United States Trustee, Region 4

                        By: /s/ Linda K. Barr
                        Linda K. Barr, Id. 6284
                        Trial Attorney
                        Office of the United States Trustee
                        1835 Assembly St., Suite 953
                        Columbia, South Carolina 29201
                        (803) 765-5219
                        (803) 765-5260 (facsimile)
Date: 12-30-2016             linda.k.barr@usdoj.gov

---

[2] The UST submits that under § 707(b)(3)(B), the debtor's ability to pay creditors alone supports a finding of abuse and dismissal of the case. Considering the law prior to BAPCPA, the Fourth Circuit Court of Appeals in *In re Green*, 934 F. 2d 568 (4th Cir. 1991) held that a debtor's ability to repay his debts, "standing alone", was insufficient to satisfy the totality of circumstances test for "substantial abuse." In the case of *In re Calhoun*, 396 B.R. 270, 275 (Bankr. D.S.C. 2008), aff'd, 650 F.3d 338 (4th Cir. May 3, 2011), the Court held that following the 2005 Amendments to § 707(b) of the Bankruptcy Code, "the ability to pay a significant dividend to creditors and the failure to do so standing alone can be an abuse of chapter 7, absent mitigating factors."

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that on December 30, 2016, I served the below-named parties with copies of the following documents:

MOTION AND MEMORANDUM OF UNITED STATES TRUSTEE TO
DISMISS CASE PURSUANT TO 11 U.S.C. § 707(b)

WITH

NOTICE OF HEARING

AND

CERTIFICATE OF SERVICE

by mailing said copies to them by first-class, United States mail, postage prepaid, with return address clearly shown to said parties at the addresses shown below:

Robert Dean Strickland
1507 McCormick Highway
Greenwood, SC 29646

Karen Alexa Strickland
1507 McCormick Highway
Greenwood, SC 29646

James C. Johnson
The Johnson Law Firm of
   Greenwood, LLC
PO Box 673
Greenwood, SC 29648

and/or by electronic transmission through the Court's Electronic Case Filing system to the following participants:

John K. Fort, Esquire (trustee)
James C. Johnson, Esquire

                By: /s/ Linda K. Barr
                Linda K. Barr
                Trial Attorney
                Office of the United States Trustee
                1835 Assembly St., Suite 953
                Columbia, South Carolina 29201
                (803) 765-5219
                linda.k.barr@usdoj.gov

7